UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VSEVOLOD GARANIN,

                        Plaintiff,

             -against-

DR. ILYA ELLIOT VAYNER M.D.;
OFFICE OF ELLIOT VAYNER M.D.,
F.A.A.P.,

                       Defendants.

1:20-CV-7300 (PGG)

TRANSFER ORDER

PAUL G. GARDEPHE, United States District Judge:

      Plaintiff Vsevolod Garanin, of Marlboro, New Jersey, appears *pro se* and asserts claims under federal law, including claims under 42 U.S.C. §§ 1983 and 1985, as well as claims under 45 C.F.R. § 164.502(g), against Dr. Ilya Elliot Vayner M.D. and his medical practice, the Office of Elliot Vayner M.D., F.A.A.P., which are both located on Staten Island, New York.[1] For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

      Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Plaintiff has paid the relevant fees to bring this action. Under Rules 5.2(a)(2) and (3) of the Federal Rules of Civil Procedure, a court submission must refer to a minor's name by mentioning only the minor's initials, and must refer to an individual's birth date by mentioning only the individual's birth year. But in his complaint, Plaintiff includes the full names and complete birth dates of his minor children. Accordingly, in an abundance of caution, I have directed the Clerk of Court to restrict electronic access to the complaint to a "case participant-only" basis.

28 U.S.C. § 1391(b). Under § 1391(c), for venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Plaintiff alleges that both of the defendants reside on Staten Island, which is in Richmond County, New York. He also alleges that the events giving rise to his claims occurred on Staten Island. Staten Island, that is, Richmond County is not part of this judicial district, the Southern District of New York. *See* 28 U.S.C. § 112(b) (the Southern District of New York is comprised of the following New York State counties: New York (Borough of Manhattan), Bronx (Borough of the Bronx), Westchester, Dutchess, Rockland, Orange, Putnam, and Sullivan). Because Plaintiff does not allege that either defendant resides in this judicial district or that a substantial part of the events or omissions giving rise to his claims arose in this judicial district, venue is not proper in this Court under § 1391(b)(1) or (2).

Richmond County is part of the Eastern District of New York. *See* § 112(c) (the Eastern District of New York is comprised of the following New York State counties: Kings (Borough of Brooklyn), Queens (Borough of Queens), Richmond (Borough of Staten Island), Nassau, and Suffolk). Because Plaintiff asserts that the defendants reside in Richmond County, and that the events giving rise to his claims occurred in Richmond County, venue lies in the United States District Court for the Eastern District of New York. *See* § 1391(b)(1), (2). The Court therefore transfers this action to that court. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

Plaintiff has consented to electronic service of Court documents. (ECF 2.) The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. This order closes this action.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  September 11, 2020
        New York, New York

_____
PAUL G. GARDEPHE
United States District Judge

3